## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## ITT HENZE VALVE SERVICE, CONTROLS AND INSTRUMENT DIVISION, INTERNATIONAL TELEPHONE AND TELEGRAPH CORPORATION, Respondent.

No. 28607.

United States Court of Appeals,
Fifth Circuit.

Jan. 14, 1971.

Marcel Mallet-Prevost, Asst. General Counsel, N. L. R. B., Washington, D. C., Harold A. Boire, Director, N. L. R. B., Tampa, Fla., Marjorie S. Gofreed, N. L. R. B., Washington, D. C., for petitioner.

George C. Longshore, Birmingham, Ala., for intervenor United Steelworkers of America, AFL–CIO.

Clyde N. Wells, Jr., Jacksonville, Fla., for respondent.

Before JOHN R. BROWN, Chief Judge, and TUTTLE and GODBOLD, Circuit Judges.

PER CURIAM:

Although the proof was not overwhelming, we conclude that there was substantial evidence on the record as a whole to support the Board's findings: that the respondent did not bargain in good faith with the Union, in violation of Section 8(a) (5) and (1) of the National Labor Relations Act; that the strike which occurred on April 27, 1966, was caused by unfair labor practices, as defined by the Act; that the respondent instituted a work rule change without notice to the Union for the purpose of discouraging Union activity, and in violation of Section 8(a) (5), (3) and (1) of the Act; that the respondent interfered with, restrained and coerced its employees in violation of Section 8(a) (1) of the Act; that the respondent terminated and refused to reinstate unfair labor practice strikers in violation of Section 8(a) (3) and (1) of the Act; and that, therefore, the order of the Board will be enforced.

## James R. LOCKWOOD and Joyce M. Lockwood, Petitioners-Appellants,

v.

## COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 24384.

United States Court of Appeals,
Ninth Circuit.

Jan. 15, 1971.

Leonard B. Hankins (argued), Long Beach, Cal., for appellants.

Janet Spragens (argued), Richard M. Hahn, Acting Chief Counsel, Johnnie M. Walters, Asst. Atty. Gen., Washington, D. C., for appellee.

Before CHAMBERS, ELY, and KILKENNY, Circuit Judges.

PER CURIAM:

The decision of the tax court is affirmed except as to the assessment of a negligence penalty on the wife's separate return.

The deficiencies found in reporting were simply the resolution of factual questions.

The case on the deficiencies could have been resolved the other way, but we cannot find the tax court was clearly erroneous.

As to Mrs. Lockwood, the record seems clear that she was wholly inert in the business transactions and the tax reporting. We cannot sustain the small negligence penalty as to her.

Remanded for proceedings consistent herewith.